IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HENRY HARRIS, )
)
On Behalf of Himself and )
All Others Similarly Situated, )
)
Plaintiff, )
) Case No. 4:10-cv-00789-SOW
v. )
)
PATHWAYS COMMUNITY )
BEHAVIORAL HEALTHCARE, INC., )
)
Defendant. )

## DEFENDANT'S SUGGESTIONS IN OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION

Plaintiff Henry Harris, a former Community Support Specialist, moves for conditional certification of this FLSA action, claiming his former employer improperly classified him and all other Community Support Specialists as exempt from overtime. Plaintiff's Motion should be denied. Plaintiff has failed to set forth <u>supported</u> allegations of either (1) a common (unlawful) Pathways policy, or (2) a common experience by those with Plaintiff's job title. First, there is no common policy - - Pathways did not classify all Community Support Specialists as exempt. Second, the declarants identify only a handful of allegedly similar tasks, while acknowledging – without further discussion -- their job included other (presumably essential) responsibilities. Such allegations are insufficient to demonstrate similarity in the alleged illegality - which is what is required even at the early notice stage. *See, e.g., Fast v. Applebee's Int.'l, Inc.,* 243 F.R.D. 360, 363 (W.D. Mo. 2007) (conditional certification requires plaintiffs demonstrate they were "victims of a common policy or plan that violated the law").

Furthermore, there is a clear lack of interest in this lawsuit by the putative class. This action has been pending for 16 months. Plaintiff's counsel has purchased multiple newspaper advertisements in the communities Pathways serves. Yet, only four individuals have filed consents to join the lawsuit. Numerous courts have denied conditional certification when there is such a clear lack of interest. *See, e.g., Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159 (D. Minn. 2007) (absent evidence others would join, court viewed case as simply a lawsuit by two plaintiffs).

In the event the Court grants Plaintiff's Motion to conditionally certify the class, the propriety of which Pathways denies, Plaintiff's proposed notice must be revised. Plaintiff's proposed notice is misleading, contains biased statements, and is prejudicial to Pathways.

**I.     Statement of Facts.**

1.     Pathways Behavioral Healthcare, Inc. ("Pathways") is a tax exempt, not-for-profit community mental health center. Pathways provides comprehensive mental health and substance abuse treatment and prevention services to pre-adolescent children through older adult populations. Declaration of Diane Howard ("Howard Dec."), ¶4 (attached as Exhibit A).

2.     One of the positions at Pathways is called a Community Support Specialist ("CSS"). Pathways does not classify all CSSs as exempt. Indeed, even opt-in plaintiff Doris Thalgott, a CSS, was classified as non-exempt for part of her employment. Howard Dec., ¶¶5-6.

3.     Since August 2007, Pathways' CSS job descriptions have required a CSS have a "Bachelor's Degree in a mental health related field." Howard Dec., ¶7 and Ex. 1 to Howard Dec.

4.     Pathways hired Plaintiff Harris in 2000 as an Employment Specialist. Plaintiff became a CSS in 2002. Howard Dec., ¶8.

5.     Plaintiff Harris filed this lawsuit in August 2010. Doc. 1.

6. Plaintiff Harris has published, on multiple occasions, advertisements in several newspapers about his lawsuit, including in the Clinton Daily Democrat, the Marshall Democrat News, and the Lake Sun. The advertisements – copies of which are attached to this Opposition -- highlighted the lawsuit, and invited current and former employees of Pathways to contact Plaintiff's attorneys. Declaration of Deena Jenab ("Jenab Dec."), ¶¶4-7 and Exs. 1-3 to Jenab Dec. (attached as Exhibit B).

7. As of December 27, 2011, over 16 months after the lawsuit was filed, a total of four individuals have opted in. Doc. 27, Doc. 29, Doc. 30 and Doc. 32.

## II. Legal Standard for Certification.

The Fair Labor Standards Act ("FLSA") authorizes an individual to bring suit on behalf of himself "and other employees similarly situated." 29 U.S.C. §216(b). The Eighth Circuit has not adopted a standard for determining whether a plaintiff and the class he wishes to represent are "similarly situated," but the Western District of Missouri and other district courts within the Eighth Circuit have used a two-step approach. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007) (denying conditional certification); *Wacker v. Pers. Touch Home Care, Inc.*, 2008 WL 483146 (E.D. Mo. Nov. 6, 2008) (same); *Salazar v. Agriprocessors, Inc.*, 2008 WL 782803, at *4 (N.D. Iowa March 17, 2008) (same); *Parker*, 492 F. Supp. 2d at 1163-64 (same).

At the first step – conditional certification – plaintiffs must "demonstrate they and the potential opt-in plaintiffs are substantially similar." *Young*, 503 F. Supp. 2d at 1229. The similarity must exist in what allegedly renders the situation unlawful, i.e., the plaintiffs must show "they and potential plaintiffs together were victims of **a common policy or plan that violated the law**." *Fast*, 243 F.R.D. at 363 (quotations and citation omitted; emphasis supplied).

While the standard at the first stage is lenient, it is not invisible. "[P]laintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Young,* 503 F. Supp. 2d at 1229. Moreover, the required evidence must be based on personal knowledge, and not on conclusory assertions. *Wacker,* 2008 WL 4838146.

The Court has discretion on deciding whether conditional certification is appropriate. *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 169 (1989). That power is to be exercised only in "appropriate cases," because, in seeking court-authorized notice, plaintiffs are in effect asking the court to assist in their efforts to locate potential plaintiffs and expand the scope of the litigation. *See Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266 (D. Minn. 1991). Generally, courts have recognized a responsibility to refrain from stirring up unwarranted litigation and unduly burdening an employer with a frivolous fishing expedition conducted at its expense. *See, e.g., Songer v. Dillon Res., Inc.,* 569 F. Supp. 2d 703, 706-07 (N.D. Tex. 2008) (citations omitted); *Severtson,* 137 F.R.D. at 266.

### III. Conditional Certification of the Proposed Class is Not Warranted.

Plaintiff's argument rests on two basic allegations: Pathways uniformly classifies Community Support Specialists as exempt, and Community Support Specialists all perform duties that include a handful of similar tasks.[1] Plaintiff's assertions are insufficient to warrant conditional certification.

**First**, Plaintiff provides only speculation about a common classification policy applicable to all Community Support Specialists. The competent evidence demonstrates Pathways does <u>not</u> uniformly classify its Community Support Specialists as exempt.

---

[1] In passing, Plaintiff also alleges, with no explanation whatsoever, a specialized Bachelor's Degree was not required for the CSS position. But, since August 2007, Pathways' CSS job descriptions have required a CSS have a "Bachelor's Degree in a mental health related field." SOF ¶3.

**Second**, Plaintiff provides no evidence the job duties described are his "primary" duties, which would provide at least some support (albeit disputed) for Plaintiff's claim of misclassification. Plaintiff sets forth nothing about the importance of the identified duties, the extent to which he performed the identified duties, or what else he did as a Community Support Specialist. Under these circumstances, the duties Plaintiff and other CSSs allegedly performed are not indicative of any illegality, and do not provide the requisite similarity.

**Third**, and finally, there is no competent evidence putative class members are interested in joining this suit.

Each of these reasons alone warrants denial; together, they present an insurmountable hurdle for Plaintiff.

### A. All Community Support Specialists are not Classified as Exempt.

Plaintiff repeatedly maintains Pathways classified all Community Support Specialists as exempt. *See, e.g.*, Pltf. Mem., at 1, 3, 4, and 8 ("all Community Support Specialist[s] were, and continue to be, classified as exempt"). This assertion is wrong. Pathways does not classify all Community Support Specialists as exempt, as clearly stated in its Answer (Pltf. Mem., SOF ¶3; Doc. 20, ¶5), and as evidenced, in part, by one of Plaintiff's own declarants, Doris Thalgott. SOF ¶2.

Where, as here, there is no common classification policy applicable to all putative class members, the putative class members cannot be similarly situated. Cases in which a uniform classification policy existed are, therefore, distinguishable. *Compare, e.g., McKinzie v. Westlake Hardware, Inc.*, 2010 WL 2426310, at *1 (W.D. Mo. June 11, 2010) ("Westlake admits that **all** Floor Supervisors … are all classified by Defendant as 'exempt'") (emphasis supplied); *Ahle v. Veracity Research Co.*, 2009 WL 3103852 (D. Minn. Sept. 23, 2009) ("Veracity itself classified

**all** investigators as exempt") (emphasis supplied); *Greenwald v. Phillips Home Furnishings Inc.*, 2009 WL 259744 (E.D. Mo. Feb. 3, 2009) (employer admitted it classified **all** furniture salespersons as exempt) (emphasis supplied); *Loomis v. CUSA LLC*, 257 F.R.D. 674, 677 (D. Minn. 2009) ("**all** proposed class members were classified as exempt") (emphasis supplied). Because Pathways does not uniformly classify Community Support Specialists as exempt, the Motion to conditionally certify a class of all Community Support Specialists should be denied.

### B. Plaintiff's Identified Tasks Do Not Demonstrate Common Illegality.

Not only has Plaintiff failed to identify an actual common policy, Plaintiff has also failed to demonstrate commonality in any alleged illegality necessary for conditional certification. Indeed, Plaintiff has done nothing other than cherry-pick a few tasks in which he purportedly engaged, claim his CSS position "included" these tasks, and then assert that other CSSs also performed those tasks. These factual assertions do nothing, as Plaintiff does not allege these tasks constituted his primary duties; in fact, Plaintiff fails to put forth any supported allegations about his primary duties – a touchstone in a misclassification case.

Specifically, one of the requirements for the learned professional exemption is that the individual's "primary duty" is the performance of work requiring a certain type of advanced knowledge. 29 C.F.R. §541.300. "Primary duty" means an individual's "principal, main, major or most important duty that the employee performs." 29 C.F.R. §541.700. While not the only test of "primary duty," employees "who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." *Id.*

That Plaintiff allegedly performed a handful of tasks that do not require advanced knowledge does not address whether such tasks constitute his "primary" duty. Indeed, it is like an attorney pointing out that her duties, and all attorneys' duties, "include" typing and answering

the phone, and therefore contending all attorneys are misclassified as exempt. Put simply, such a statement says nothing about the attorney's primary duty, and provides no evidence whatsoever the attorney is misclassified. Similarly, Plaintiff's allegation here that his job "included" certain tasks -- with no further description of his job duties *and no discussion of his primary duties* – is insufficient to demonstrate any common illegality. This is unlike the cases on which Plaintiff relies, where the plaintiffs set forth supported allegations about "all" of their duties or, at a minimum, their "essential" duties. *Compare, e.g., Jirak v. Abbot Laboratories, Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) ("there is evidence that pharmaceutical representatives have the **same essential** responsibility") (emphasis supplied); *Schleipfer v. Mitek Corp.*, 2007 WL 2485007, at *1 (E.D. Mo. Aug. 29, 2007) (plaintiff contends "the **vast majority of his time** at work was spent doing promotional work and/or manual labor for defendants") (quotations omitted; emphasis supplied); *Davis v. Novastar Mortgage*, 408 F. Supp. 2d 811, 814 (W.D. Mo. 2005) (allegation that all loan originators "perform the **same essential** job duties") (emphasis supplied).

Plaintiff's failure to describe either all of his job duties, or to contend which of his duties were purportedly essential, is fatal to his contention he and the putative class members all perform similar duties that render them misclassified. For this reason, too, the Motion should be denied.

### C. Insufficient Interest by Others in Opting-In.

Courts require evidence members of the putative class desire to join the lawsuit in deciding whether the proposed class should be certified for collective treatment. The rationale for such a requirement is plain: the absence of such evidence is, "at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive

burden on a defendant.... [and it] is at odds with the Supreme Court's recommendation to 'ascertain the contours of the [§216] action at the outset." *Parker*, 492 F. Supp. 2d at 1165 (quotation omitted).

Thus, numerous courts have held that a lack of evidence of interest by putative class members in joining the suit warrants denial of a conditional certification motion. *See, e.g., Johnson v. VCG Holding Corp.*, 2011 WL 3031132 (D. Me. July 25, 2011) (collecting cases; denying conditional certification due to failure to show interest in joining the suit); *Clark v. City of Fort Worth*, 2011 WL 121896 (N.D. Tex. Jan. 11, 2011) (denying conditional certification; no evidence others were interested in joining the suit); *Echevarria v. Las Vegas Beach, Inc.*, 2010 WL 2179747 (S.D. Fla. June 1, 2010) (denying conditional certification; no indication others desire to opt-in); *Morales v. Thang Hung Corp.*, 2009 WL 2524601 (S.D. Tex. Aug. 14, 2009) (denying conditional certification; plaintiff failed to show others wished to join the lawsuit); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173 (D. Mass. 2008) (denying conditional certification; the three plaintiffs "failed to demonstrate that any of the putative class members are interested in joining the suit"); *Knutson v. Blue Cross and Blue Shield of Minn.*, 2008 WL 4371382 (D. Minn. Sept. 23, 2008); *Songer*, 569 F. Supp. 2d at 707-08 (lack of interest where 24 original plaintiffs, and one opt-in, asserted existence of 40-50 putative class members, but only three were identified by name, and only one joined in a two-month period); *Parker*, 492 F. Supp. 2d at 1164 (citing *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562 (11th Cir. 1991)); *Wombles v. Title Max of Ala., Inc.*, 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) (five original plaintiffs, and two opt-ins, have only an "unsubstantiated belief about other employees' willingness to join," and fail to identify any other employee who had an interest in joining).

This case demonstrates even more of a lack of interest than the cases cited above. Not only does Plaintiff offer no evidence others in the proposed class will seek to join the lawsuit (in fact, Plaintiff does not even identify any possible plaintiffs by name), but he actually has already placed multiple advertisements in various news sources – soliciting individuals to join the suit. SOF ¶6. Plaintiff's lawsuit has been on file for over 16 months, and ads soliciting additional plaintiffs have been published, yet only four individuals have opted in. Plaintiff has tried – and failed – to generate interest for his suit; he should not now be given another opportunity through a court-authorized notice to "stir up" litigation. *Severtson,* 137 F.R.D. at 266. The Motion should be denied.[2]

## IV. Plaintiff's Proposed Notice is Misleading, Biased, and Inaccurate.

If, despite the foregoing, the Court conditionally certifies a class of Community Support Specialists (the propriety of which is denied), Plaintiff's proposed Notice should be significantly modified, along the lines set forth below, in order to ensure the Notice is accurate, unbiased, and not misleading.[3]

### A. The Three-Year Notice Period Begins Three Years Before the Court's Order Certifying the Class.

Pathways agrees that, for purposes of Notice, the time period for the class is three years, but the various dates Plaintiff sets forth in his Motion are wrong and unsupported by the law. At one point, Plaintiff suggests (incorrectly) this lawsuit was filed on September 28, 2009, and the class period should thus date back to September 28, 2006 (Pltf. Mem., n.4). At another point, Plaintiff suggests the class period should date back to September 27, 2007, apparently dating

---

[2] Pathways anticipates that, in response to this Opposition, Plaintiff will attempt to submit new declarations correcting the obvious deficiencies in those submitted to date. It is well-established that a party cannot submit self-serving testimony that contradicts earlier testimony in an effort to avoid an otherwise likely outcome.
[3] A red-lined and clean version of Pathways' revisions to Plaintiff's proposed Notice is attached, as Exhibit C (red-lined) and Exhibit D (clean).

back three years from Pathways' Motion to Dismiss (Pltf. Mem., pp.2-3, p.12, & n.2). Neither date is correct. The three-year period dates back from the date the Court grants conditional certification. *See Fast*, 243 F.R.D. at 364. Thus, the earliest point in time for the three-year class period will be 2009.

### B. The Opt-in Period Should be 45 Days.

Plaintiff nowhere provides any argument concerning how many days the purported class members should have to opt in to the lawsuit. Indeed, the number of days is left blank on Plaintiff's proposed Notice. While there is no "set" number of days to opt-in, Pathways proposes 45 days. Numerous courts have adopted a 45-day (or shorter) period. *See, e.g., Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 501 (D. Neb. 2009) ("Forty-five days is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit"); *Bados Madrid v. Peak Construction, Inc.*, 2009 WL 2983193 (D. Ariz. Sept. 17, 2009) (45 days); *Greenwald v. Phillips Home Furnishings, Inc.*, 2009 WL 1025545 (E.D. Mo. April 15, 2009) (45 days); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 2008 WL 5263750 (E.D. Wis. Dec. 18, 2008) (45 days); *Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. Nov. 7, 2008) (30 days); *Boyle v. Barber & Sons, Co.*, 2004 WL 5897946 (W.D. Mo. May 21, 2004) (30 days). Moreover, the suit has been on file for over 16 months, and Plaintiff has already published multiple advertisements seeking individuals to join his lawsuit. In light of the case law, and the particular circumstances here, 45 days is more than sufficient; there is no justification for a longer period of time.

### C. Introductory Page Should Be Deleted.

At the beginning of the proposed Notice, Plaintiff proposes to use bold and extremely large typeface, along with verbiage, intended to scare putative class members about losing rights.

This does not present a neutral notice; this is an advertisement – and, yet, in tiny type below the bold introduction, Plaintiff states, "This is a court authorized notice. This is not a solicitation from a lawyer." Plaintiff then purports to summarize the choices a putative class member has, as follows: to join the lawsuit, in which case recovery is possible (Plaintiff makes no mention of losing); or "do nothing," in which case no benefits from the lawsuit are obtained. This is highly misleading, as many other options exist beyond joining the lawsuit using Plaintiff's attorneys, and doing nothing. *See, e.g., Foraker v. Highpoint Southwest Services, L.P.*, 2006 WL 2585047, at *5 (S.D. Tex. Sept. 7, 2006) (recognizing false choice between joining lawsuit and "do[ing] nothing"). In sum, this entire page is a gratuitous ad for Plaintiff – not a neutral notice of a lawsuit.

Pathways requests the entire first page be removed (except the first sentence). Instead, Pathways suggests the introductory language state: "The purpose of this notice is (1) to inform you of the existence of a lawsuit; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 229 (E.D. Mo. 2008) (Court suggests identified language).

Pathways also requests the use of language in the Introduction that further explains the purpose of the notice in a balanced fashion: "This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The United States District Court for the Western District of Missouri expresses no opinion regarding the merits of the Plaintiff's claims or Pathways Behavioral Healthcare's defenses. There is no assurance at this

time that any relief will be granted, nor if granted, the nature and amount of relief." *Huang*, 248 F.R.D. at 229 (Court suggests identified language).[4]

### D. Section 2 Gratuitously Repeats The Claims.

Section 2 is titled, "What is a collective action and who is involved." This suggests a neutral description of a generic collective action will follow. This occurs in the first paragraph. However, the second paragraph of Section 2 is simply another advertisement for what this particular lawsuit is about, which is addressed in Section 3. This second paragraph is unnecessary, and should be removed.

### E. Plaintiff Henry Harris Should Be Identified More Clearly, and His Role Clarified.

The lead Plaintiff in this case, Henry Harris, is identified only once, in a parenthetical on page 2. Putative class members have the right to know the identity of the individual they are designating to make decisions on their behalf. *Huang*, 248 F.R.D. at 229 (changing "named Plaintiffs" to the actual names of the individuals). Further, the notice should state that the putative class members, if they join the suit, are designating "Henry Harris" to act as their representative – it does not do so.

### F. Other Actions Court Can Take Should Be Referenced.

In Section 5, the proposed Notice references that the Court will decide whether those who have opted in may participate, and the Notice references throughout that the class members may share in a recovery if they join. The Notice should also disclose that the claims "may be subject to later dismissal if the Court ultimately finds that the claims lack merit, that they cannot be

---

[4] Other inaccuracies and misleading statements exist in the proposed Introduction. For example, the section refers, broadly, to "employees" affected by Pathways' policies, and nowhere identifies what position the lawsuit concerns. Additional items are outlined, *infra*, and in the attached Exhibit C.

KCP-4180860-1
12
Case 4:10-cv-00789-SOW   Document 34   Filed 12/28/11   Page 12 of 16

litigated on a class-wide basis, or for other reasons." *McKinzie,* 2010 WL 2426310, at *5 (Court requires identified language).

### G. Plaintiff's Responsibility For Costs Should Be Added.

In Section 6, Plaintiff fails to alert the putative class members they could be responsible for costs if Pathways prevails. This failure is misleading. The Notice should include a statement that, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you." *McKinzie,* 2010 WL 2426310, at *4 (Court requires identified language). *See also Creten-Miller v. Westlake Hardware, Inc.,* 2090 WL 2058734, at *4 (D. Kan. July 15, 2009) (Judge Vratil analyzes several cases, and concludes the notice must reference the identified language); *Nehmelman v. Penn National Gaming, Inc.,* 2011 WL 4538698, at *18 (N.D. Ill. Sept. 29, 2011) ("the Notice should contain at least some language concerning the cost issue"); *Foraker,* 2006 WL 2585047, at *6 (court will address in its re-draft of the notice defendant's request "the notice inform class members that they could be liable for court costs").

### H. Consent Form Should Not Reference Actions Post-Decertification.

Plaintiff's proposed consent form includes an authorization for Plaintiff's counsel to file subsequent actions "post decertification, as needed." The reference to actions post decertification should be removed because it is inappropriate, as well as confusing (there is no explanation anywhere about what this means). *See Huang,* 248 F.R.D. at 228 (removing as "not appropriate" sentence in consent form, "[i]f this case does not proceed as a collective action, I also consent to join a subsequent action to assert these same claims"); *Burch v. Qwest Communications Int'l, Inc.,* 500 F. Supp. 2d 1181, 1191 (D. Minn. 2007) (court finds "not necessary" and "confusing" language authorizing the joining of a subsequent action to assert claims against the defendant).

### I. Doing Nothing Means "You Will Not Be Entitled to Any Recovery" Should Be Deleted.

In Section 7, in the section titled, "What if I do nothing," Plaintiff proposes the Notice state that, if the putative class member does nothing, he/she "will not be entitled to any recovery." Similarly, on page 1, Plaintiff states, "Failure to join this lawsuit will bar you from any recovery from this lawsuit if a plaintiff's jury verdict or settlement is achieved." This is wrong, and intended to scare a potential plaintiff into opting in. First, the putative class member can engage his/her own lawyer and opt-in. Second, the putative class member can engage his/her own lawyer and file a new lawsuit. Third, the putative class member is also, presumably, a putative class member on the related state law claims, where opting in is not necessary to participate in any eventual recovery. The impropriety of Plaintiff's proposed sentence has been recognized before, and should be removed. *Nacy v. D.F.C. Enterprises, Inc.*, 2011 WL 3838019, at *3 (W.D. Mo. Aug. 26, 2011) (deleting "You will not be entitled to share in any amount recovered by the class as a part of this lawsuit").

### J. "Pay Your Own Lawyer" Should Be Revised.

Also, in Section 7, the proposed Notice states that, if a putative class member starts her own lawsuit, she will have to "pay" her own lawyer. This is false, as, presumably, the case would be taken on a contingency fee basis. Indeed, the Notice states repeatedly that the putative class members will not need to "pay" Plaintiff's attorney. Pathways proposes the use of the word "retain" instead of pay.

### K. Section 8 Instills Fear And Promises Damages, And Should Be Removed.

Pathways agrees that a statement Pathways will not retaliate against anyone who joins the lawsuit is appropriate. However, the phrasing of the topic ("I am afraid") is inappropriate. Further, the assertion that the referenced conduct would "entitle" the putative class member to

"additional damages" is wholly improper: (1) there is no guarantee of any "initial" damages; (2) there is no "entitlement" to "damages." The referenced language should be removed.

### L. Discovery Obligations Of Opt-in Plaintiffs Should Be Added.

In Section 9, the proposed Notice fails to advise putative class members they may have discovery obligations, as it attempts to downplay any requirement the putative class members might have – including it fails to note the obligation to provide documents, provide sworn written testimony via interrogatories, and to testify in Kansas City. The Section should be revised to do so, to ensure the putative class members fully understand their obligations. *See, e.g., McKinzie*, 2010 WL 2426310, at *4 (requiring, "If you choose to join this suit, you may be required to respond to written requests for information and documents, and appear for depositions, hearings or trial in Kansas City"); *Huang*, 248 F.R.D. at 228 (approving, "If you choose to join this suit you may be required to respond to written requests for information and documents, and appear for depositions, hearings, or trial").

### M. Miscellaneous Changes to Address Further Inaccuracies and Bias.

Finally, there are numerous other changes Pathways suggests, in order to render the proposed Notice more accurate and neutral. For example, Section 11 contains nonsensical wording. Section 12 states the Plaintiff's attorneys "may" ask the Court for fees and expenses; Pathways assumes Plaintiff's attorneys "will" ask the Court for such relief. Further, Section 12, which purportedly concerns "how will the lawyers be paid," gratuitously discusses in the second paragraph the mechanism for a class member to receive payment.

### V. Conclusion

The Motion should be denied.

Respectfully submitted,

/s/ Deena B. Jenab
Kimberly A. Jones    MO Bar No. 46688
Deena B. Jenab      MO Bar No. 49666
Traci Daffer Martin   MO Bar No. 59796
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
kimberly.jones@huschblackwell.com
deena.jenab@huschblackwell.com
traci.martin@huschblackwell.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following attorneys of record via ECF on this 28th day of December, 2011.

C. Jason Brown
Brown & Associates LLC
204B US 169 Highway
P.O. Box 125
Trimble, Missouri 64492
Telephone: 816.505.4529
Fax: 816.357.2101
kclawyerbrown@yahoo.com
**Attorneys for Plaintiff**

Amy P. Maloney
Holman Schiavone, LLC
4600 Madison, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
amaloney@hslawllc.com

/s/ Deena B. Jenab
**Attorney for Defendant**