IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY HARRIS, on Behalf of Himself and Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 10-0789-CV-W-SOW |
| PATHWAYS COMMUNITY BEHAVIORAL HEALTHCARE, INC., | ) ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is plaintiff's Motion for Conditional Certification of Class Claims Under Section 216(b) of the FLSA (Doc. #28). For the following reasons, the motion is hereby granted.

### I. Background

Plaintiff Henry Harris filed this collective action claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), on behalf of himself and other Community Support Specialists working for defendant Pathways Community Behavioral Healthcare, Inc. The issue before the Court is whether, under a lenient standard, plaintiff has set forth substantial allegations that he and the putative members are similarly situated to other exempt classified Community Support Specialists working for defendant in that all were subject to defendant's policy of failing to pay overtime compensation for all time worked in excess of forty hours per work week.

Plaintiff filed an Amended Complaint on October 11, 2010 in which he alleged, among other things, violations of the FLSA. Plaintiff's Amended Complaint alleges that defendant "employed a decision, policy or plan, wherein defendant failed to properly compensate its employees for all time worked in violation of the FLSA." Specifically, plaintiff alleges defendant violated the FLSA

by "improperly classifying [Community Support Specialists] employees as exempt and not entitled to overtime compensation." On November 28, 2011, plaintiff filed the present motion for conditional class certification under § 216(b) of the FLSA.

Defendant is a Missouri corporation. According to plaintiff, defendant provides comprehensive mental health and substance abuse treatment and prevention services to pre-adolescent children through older adult populations. Plaintiff regularly worked in excess of forty hours, and he was not compensated for working beyond forty hours. Plaintiff's work included, but was not limited to: assisting clients with acquiring and/or increasing living skills; running errands; making appointments for clients and attending appointments with clients; assisting with obtaining Medicare/Medicaid and/or Social Security Benefits; and paperwork. Plaintiff alleges that such work is an integral and indispensable part of the principle activities of his job and required little if any discretion.

## II. Standard

Section 216(b) of the FLSA provides that an employee may bring suit on his own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). "A collective action under the FLSA differs significantly from a Fed. R. Civ. P. 23 class action in that a similarly situated employee does not become a plaintiff . . . in a case proceeding under § 216(b) unless he gives his consent in writing to become such a party and files a consent in the court where the action is pending. In other words, a party needs to 'opt-in' to a collective action under the FLSA, whereas a party would need to 'opt-out' of a class action proceeding under Rule 23." Davis v. NovaStar Mortg., Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005) (quotations and citation omitted).

The Eighth Circuit has not spoken regarding the standard to be used by district courts in

determining whether potential opt-in plaintiffs are "similarly situated" for purposes of § 216(b). Id. at 815. But other district courts in this Circuit have utilized a two-step process to approach the issue of whether plaintiffs are similarly situated. See Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010); Ahle v. Veracity Research Co., No. 09-00042 ADM/RLE, 2009 WL 3103852, at *3 (D. Minn. Sept. 23, 2009). Under this two-step analysis, the "plaintiff [first] moves for conditional certification at an early stage in the litigation, wherein a class is certified for notice purposes. Then, at the second step, defendants are allowed the opportunity to move for de-certification at the close of discovery." Davis, 408 F. Supp. 2d at 815. "After completion of discovery, the court makes a factual determination as to whether the members of the conditionally certified class are similarly situated." Id.

Conditional certification at the first stage requires nothing more than "substantial allegations" or "a colorable basis" for plaintiff's claim that the putative class members were together the "victims of a single decision, policy or plan." Id.; Ahle, 2009 WL 3103852, at *3. "Because the decision at this stage is made with limited information and is conditional in nature, the plaintiff's burden is not onerous. There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances." Dernovish, 2010 WL 143692, at *1; see Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("standard does not require all the plaintiffs to actually be similarly situated"). Plaintiffs can meet their burden with "detailed allegations supported by affidavits." Greenwald v. Philips Home Furnishings Inc., No. 4:08CV1128 CDP, 2009 WL 259744, at *4 (E.D. Mo. Feb. 3, 2009). At this stage, the Court does not make any credibility

-3-

determinations, make findings of fact regarding contrary evidence, or reach the merits of plaintiffs' claims. Ahle, 2009 WL 3103852, at *3; Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 363 (W.D. Mo. 2007). "[T]he Court may rely on signed declarations [to] provide appropriate support to determine whether plaintiffs are similarly situated for purposes of preliminary certification." Busler v. Enersys Energy Prods., Inc., No. 09-11159-CV-W-FJG, 2009 WL 2998970, at *1 (W.D. Mo. Sept. 16, 2009).

III. Discussion

**A. Analysis**

Plaintiff seeks conditional certification of all current and former Community Support Specialists that were classified as exempt employees from September 27, 2007 to the present working at defendant's Missouri facilities. Plaintiff contends that he has made substantial allegations that he and the other putative class members are similarly situated because they have provided the modest factual showing that all Community Support Specialists were, and continue to be, classified as exempt from overtime pay under defendant's policy. Plaintiff also contends he has provided evidence to support his allegations, which include five affidavits.

The Court agrees with plaintiff that he has met the burden of showing that he and the putative class members were "similarly situated" and victims of a common policy of the defendant. Because plaintiff has made a sufficient showing that the class members are similar in important respects and subjected to similar policies and circumstances, the Court finds that certification is appropriate. See Dernovish, 2010 WL 143692, at *1. Although defendant argues that it does not uniformly classify all Community Support Specialists as exempt and that plaintiff has provided no evidence that the job duties described herein are his primary duties, these arguments go towards the merits

-4-

and the Court will not consider them at this initial stage. See Fast, 243 F.R.D. at 363. These arguments would be better suited for the second stage, after completion of discovery. See Davis, 408 F. Supp. 2d at 815.

Having found that plaintiff has met his burden at this stage and that defendant's arguments against certification are unpersuasive, the Court will allow conditional certification. The Court conditionally certifies a class of all current and former Community Support Specialists that were classified as exempt employees who worked at defendant's Missouri facilities for the three years preceding the date of this Order.

**B. Notice of Claims**

Defendant argues that if the Court grants conditional certification, plaintiff should be required to modify the proposed Notice of Claims to be sent to potential plaintiffs. The Court has the power and duty to ensure that the notice is fair and accurate, but should only alter a plaintiff's proposed Notice when such an alteration is necessary. See Creten-Miller v. Westlake Hardware, Inc., No. 08-2351, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009).

First, defendant contends that the three-year notice period begins three years preceding the Court's Order certifying the class and not on the dates plaintiff proposes. See Fast, 243 F.R.D. at 364. Plaintiff has no opposition. Therefore, plaintiff's proposed Notice should reflect these changes. Defendant's objection is sustained.

Second, defendant contends the opt-in period should be 45 days. Although plaintiff's proposed Notice does not include how many days the class members should have to opt-in, plaintiff's motion argues that 60-90 days is appropriate, provided that the period begins to run when plaintiff receives the contact information from defendant. This suit has been on file for a number

of months, and plaintiff has already published multiple advertisements seeking individuals to join this suit. Therefore, the Court concludes that 50 days is reasonable. The 50-day period will begin to run the date plaintiff receives the contact information from defendant. Defendant's objection is sustained in part.

Third, defendant contends that the introductory page of the proposed Notice should be deleted. Defendant argues the proposed Notice uses bold and extremely large typeface, along with verbiage, intended to scare putative class members about losing rights. Defendant requests that the entire first page be removed (except the first sentence). Defendant would like the introductory language to state:

> The purpose of this notice is (1) to inform you of the existence of a lawsuit; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so.

Plaintiff has no objection to making these proposed changes. However, plaintiff believes he should be permitted to refer to himself as "plaintiff Henry Harris." The Court accepts defendant's modifications, and finds that "plaintiff Henry Harris" is appropriate instead of "Henry Harris." Defendant's objections are sustained in part.

Fourth, defendant contends that Section 2 of plaintiff's proposed Notice is unnecessary and gratuitously repeats the claims made by plaintiff. Defendant seeks to remove Section 2. Plaintiff has no opposition to said change. Therefore, Section 2 shall be removed from plaintiff's proposed Notice. Defendant's objection is sustained.

Fifth, defendant argues that the plaintiff should be identified more clearly, and his role clarified. Defendant states that class members have a right to know the identity of the individual they are designating to make decisions on their behalf. Further, defendant argues the Notice should

state that the putative class members, if they join the suit, are designating "Henry Harris" to act as their representative. Plaintiff has no opposition to these changes. Therefore, plaintiff shall clearly identify Henry Harris and his role in this litigation. Defendant's objection is sustained.

Sixth, defendant states that the Notice should also disclose that the claims "may be subject to later dismissal if the Court ultimately finds that the claims lack merit, that they cannot be litigated on a class-wide basis, or for other reasons." Plaintiff has no opposition to these changes. Therefore, plaintiff shall implement said changes on the proposed Notice. Defendant's objection is sustained.

Seventh, defendant argues that in Section 6 the plaintiff fails to alert the putative class members that they could be responsible for costs if Pathways prevails. Defendant states that this failure is misleading and that the Notice should include a statement that, "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you." Plaintiff argues in reply that modification of Section 6 should include language that putative class members may be responsible for costs only if language is included that indicates they will not be responsible for paying defendant's attorneys' fees.

"An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical." Creten-Miller, 2009 WL 2058734, at *4 (citing cases that have allowed costs to prevailing defendants in FLSA cases ). Therefore, the Court finds that the Notice should inform prospective class members about the possibility that they may be responsible for some costs. Section 6 shall included the statement that "If you do not prevail on your claim, court costs and expenses may possibly be assessed against you."

As far as attorneys' fees are concerned, if such fees are not permissible in an FLSA action, the parties shall confer about whether to include such information in the proposed Notice.

-7-

Defendant's objection is sustained.

Eighth, defendant argues that plaintiff's proposed Consent should remove references to actions post-decertification. Plaintiff does not object to these changes. Therefore, the proposed Consent form shall remove any references to actions post-decertification. Defendant's objection is sustained.

Ninth, defendant argues that in Section 7, the section titled, "What if I do nothing," should be removed. Plaintiff has no objection. Therefore, the proposed Notice shall remove the section entitled, "What if I do nothing." Similarly, plaintiff shall remove the related phrase on Page 1 that states, "Failure to join this lawsuit will bar you from any recovery from this lawsuit if a plaintiff's jury verdict or settlement is achieved." Defendant's objection is sustained.

Tenth, in Section 7 the proposed Notice states that, if a putative class member starts her own lawsuit, she will have to "pay" her own lawyer. Defendant seeks to have the word "pay" replaced with "retain." Plaintiff has no objection. Therefore, plaintiff shall substitute the word "pay" for "retain" in Section 7. Defendant's objection is sustained.

Eleventh, defendant argues that Section 8 instills fear and promises damages, and thus, it should be removed. Although defendant has no objection to the statement that Pathways will not retaliate against anyone who joins the lawsuit, it seeks to exclude the phrasing of the topic, "I am afraid." Plaintiff has no objection to its removal. Therefore, Section 8 shall exclude the topic "I am afraid." Defendant's objection is sustained.

Twelfth, defendant argues Section 9 of the proposed Notice "fails to advise putative class members they may have discovery obligations, as it attempts to downplay any requirement the putative class members might have – including it fails to note the obligation to provide documents,

Case 4:10-cv-00789-BCW   Document 43   Filed 05/25/12   Page 8 of 10

provide sworn written testimony via interrogatories, and to testify in Kansas City." Plaintiff has no objection to including such language. Therefore, Section 9 shall include the following language, "If you choose to join this lawsuit you may be required to respond to written requests for information and documents, and appear for depositions, hearings, and possibly even trial." See McKinzie v. Westlake Hardware, Inc., No. 09-0796-CV-W-FJG, 2010 WL 2426310, at *4 (W.D. Mo. June 11, 2010). Defendant's objection is sustained.

Lastly, defendant states it has numerous other changes in order to render the proposed Notice neutral. It states that Section 11 contains nonsensical wording, but doesn't state the portion(s) of Section 11 that it disagrees with. It also objects to portions of Section 12. Without suggesting other alternatives, the Court will leave these Sections unchanged.

The Court will Order plaintiff to amend this proposed Notice as described herein and submit such Notice to the Court for final approval by no later than **June 4, 2012**.

IV. Conclusion

Accordingly, based on the discussion above, it is hereby

ORDERED that plaintiff's Motion for Conditional Certification of Class Claims Under Section 216(b) of the FLSA (Doc. #28) is granted. The Court hereby conditionally certifies plaintiff's collective action of all current and former Community Support Specialists that were classified as exempt employees who worked at defendant's Missouri facilities from May 25, 2009, to May 25, 2012. It is further

ORDERED that plaintiff Henry Harris is authorized to act as class representative and that Jason Brown of Brown & Associates, and Amy Maloney of Holman Schiavone, LLC, are authorized to act as class counsel. It is further

-9-

Case 4:10-cv-00789-BCW   Document 43   Filed 05/25/12   Page 9 of 10

ORDERED that within thirty (30) days of the date of this Order, defendant shall provide plaintiff's attorneys with a list of all current and former employees who may be potential class members, along with their last known residential addresses, home and cellular phone numbers, emails, and dates of employment. It is further

ORDERED that plaintiff shall amend his proposed Notice, with the modifications as detailed above, and submit such notice to the Court for final approval by no later than **June 4, 2012**. It is further

ORDERED that within thirty (30) days of the date of this Order, the parties shall submit a joint proposed scheduling order setting forth the second stage of discovery.

      /s/ Scott O. Wright
      SCOTT O. WRIGHT
      Senior United States District Judge

DATED: May 25, 2012